At Term beginning First Monday of November, 1900.

---

HON. FRANCIS T. NICHOLLS, *Chief Justice.*

HON. LYNN B. WATKINS,
HON. JOSEPH A. BREAUX,
HON. NEWTON C. BLANCHARD,
HON. FRANK A. MONROE,

} *Associate Justices.*

---

No. 13,614.

STATE *ex rel.* ALICE CHAPPUIS VS. HON. ANDREW P. MARMOUGET, RE-
CORDER ET AL.

### SYLLABUS.

An application to one of the Judges of the Supreme Court for writs of *certiorari* and prohibition directed to a recorder of the city of New Orleans, will be dismissed, but without prejudice when the recorder, in answer to a rule to show cause why the writs should not issue, announces his intention to discontinue certain proceedings which were made the basis of the application and charged to be violative of relator's rights under a suspensive appeal then pending in the Supreme Court.

ON APPLICATION for Writs of Prohibition and *Certiorari.*

---

*E. Howard McCaleb* and *Arthur B. Leopold* for Relatrix.

---

Respondent Judge *pro se.*

The opinion of the court was delivered by

NICHOLLS, C. J. At the instance of the relatrix, an order issued from this court to the defendant recorder, ordering him to forward to it a certified copy of all the proceedings had before him in the cases referred to in relatrix's application for writ of prohibition, to the end that their validity might be ascertained.

The prohibition sought was based upon allegations that she was the owner of certain described property on Customhouse street, in the City of New Orleans; that she had been notified by the mayor of the city to vacate and remove from the premises, on the ground that she was occupying the same in violation of ordinance No. 13,032 of the city, as amended by ordinance No. 13,485; that having refused to remove therefrom, the mayor caused an affidavit to be made against her, charging her with a violation of said ordinances, and refusing to move on the mayor's notice; that she filed a demurrer to said affidavit, and the same having been overruled, she was compelled to go to a trial and pleaded not guilty, as would appear by a record of said proceedings, No. 216 of the docket of the Second Recorder's Court of the City of New Orleans; that after hearing evidence and counsel, the recorder wrongfully and illegally held, that the offense consisted in relatrix's refusal to comply with the order of the mayor to remove, in violation of the decision of the Supreme Court in the case of the State *ex rel.* Hohn vs. Judge (50 Ann. 550), and fined her five dollars, and in default of the payment of the fine, condemned her to suffer imprisonment in the parish prison for thirty days, notwithstanding relatrix, through counsel, took exception to the ruling of the court; that the recorder refused to hear any evidence other than that she had refused to obey the mayor's order, and relatrix took exception to said ruling, whereupon she applied for and obtained a suspensive appeal to the Supreme Court, and perfected it by giving bond, and that said court was now vested with jurisdiction over said appeal; that notwithstanding said appeal and objections urged to trial, the recorder of said court insisted on and did try relatrix on another affidavit for the same offense, to-wit: with having refused to move on the notice from the mayor, which alleged offense was embodied in affidavit No. 217 of the docket of said court, entitled City of New Orleans vs. Miss Alice Chappuis; that in said case, relatrix pursued the same procedure as in the former, filed a demurrer, pleaded not guilty, and the recorder insisted on her going to trial, overruling her

objections thereto; found her guilty, as charged, and inflicted a fine of ten dollars, or in default of payment of said fine, ordered that she be committed to the parish prison for a period of thirty days, as would appear from the record of the proceedings in said case No. 217; that there were then pending against her, before the said recorder for the same offense, as specified in said causes in which appeals had been granted to the Supreme Court, eight more affidavits, being numbered respectively Nos. 218, 219, 220, 255, 256, 257, 258 and 259 on the docket of the said recorder's court; that it was the intention of the mayor of the City of New Orleans, in violation of her personal liberty and right of property, to cause to be made a separate affidavit for each and every day she remained in her own home and abode, notwithstanding she had taken appeals to the Supreme Court, to test the constitutionality of said ordinances, and on which she had already been tried by the recorder; that the recorder was without jurisdiction to entertain said affidavits, numbered 218, 219, 220, 255, 256, 257, 258 and 259 of the docket of his court, and try relatrix thereon, until the said cases on appeal were first tried and determined by final judgment of the Supreme Court; that the said recorder, in entertaining jurisdiction of said cases pending said appeals, and having declared his intention to entertain more affidavits for each and every day she remained in her own home and abode, exceeded and would exceed the bounds of his jurisdiction, for the following reasons:

1st. That pending the appeal to the Supreme Court, all proceedings should be stayed, and the recorder should not entertain further jurisdiction over relatrix, for the alleged violation of said ordinances, until after the final judgment and decree of the Supreme Court on said appeals;

2nd. That said recorder wrongfully and illegally held that the offense consisted in disobeying the mayor's notice by refusing to move, without any further proof of violation of the ordinances; that said recorder was wholly without jurisdiction to entertain, hear and determine the offenses charged in said affidavits Nos. 218, 219, 220, 255, 256, 257, 258 and 259, or to receive separate affidavits for each and every day she remained in her own home and abode, and property, for the reason that the said offenses are and would be exactly the same as that in cases Nos. 216 and 217, from which appeals had been taken, and over which the Supreme Court had jurisdiction; that said recorder could

not hear, try, render and pronounce judgment in said cases pending said appeals, and in attempting to do so, he is usurping and would usurp jurisdiction over cases which the Supreme Court alone is authorized to try and determine; that said recorder in so trying relatrix on the same charge for which she had been tried and convicted, put her twice in jeopardy for the same offense, and he will continue to try relatrix for the same offense and continue to receive more affidavits for each and every day she remains in her own home, abode and property, in violation of the Constitution of the United States and of the State of Louisiana; that said recorder was without power to divide the violation of a municipal ordinance into parts corresponding with the number of days relatrix resided in her house, and thus inflict eight more sentences of twenty-five dollars each, or in default of payment of said fines, imprisonment in the parish prison for a period of thirty days each, or two hundred and forty days for the same offense; that this amounts to excessive fines and unreasonable punishment, in violation of the bill of rights in the State of Louisiana, Article 1, Constitution of 1898, sections 6 and 12, as was held by the Supreme Court in the case of State *ex rel.* Garvey vs. Whitaker, Judge, 47 Ann. 527, and State *ex rel.* Dobson vs. Justice of the Peace, 49 Ann. 57; that the object of the law providing for the punishment for the violation of an ordinance means punishment for the offense at the outset to prevent its repetition, and punishment afterwards for its repetition, as was held by the Supreme Court in State *ex rel.* Schoenhausen vs. Judge, 47 Ann. 701; that the alleged violation of the said ordinances is only a continuation of the same transaction, specified in affidavits Nos. 216 and 217 (now on appeal to the Supreme Court).

The recorder forwarded to this court copies of the affidavits filed in suits Nos. 218, 219, 220, 255, 256, 257, 258 and 259 stating that they were the only contents of the records in said numbered suits; that no proceedings whatever had been taken in said suits except that they were fixed for trial on the 13th of July, 1900, but trials of the same were continued on joint motion of counsel for plaintiffs and defendant; that the writ of prohibition should, therefore, be refused (State *ex rel.* Hug vs. Davey, 39 Ann. 507; State *ex rel.* Baker vs. Recorder, 43 Ann. 119); that none of the said cases have been tried, and there is no evidence contained in the records and no notices whatever from the mayor.

Further answering, he stated that he had submitted said eight affidavits to the city attorney, and that he had been advised that the same were faulty in not stating correctly the offense the city charged against the defendant; that if it were not for the order of the court staying further proceedings in said cases, therein issued, he would dismiss the said affidavits without delay; that the defendant was, also, charged in suits Nos. 216 and 217 with having violated city ordinances Nos. 13,032 and 13,485, and that said cases went regularly to trial and judgment, and suspensive appeals were taken therein to the Supreme Court under the Nos. 13,618 and 13,619, and as the cases would hereafter be considered by the court, he did not undertake in the present proceeding to sustain the judgments therein.

## OPINION.

The object had in view in ordering the recorder to forward copy of his records to this court, was to ascertain whether or not the proceedings taken before him, subsequent to those involved in suit No. 216, were really as asserted to be by the relatrix, for the same identical offense which was charged in the affidavit filed in the first proceeding (No. 216), and inaugurated after the relatrix's suspensive appeal in that suit had been perfected, and, if so, to determine and declare whether the latter were or were not violative of the stay of proceedings secured by the suspensive appeal, and an interference with the matters then submitted for adjudication to the Supreme Court.

The order of this court was not specific, as it should have been; it should have, in terms, ordered up the records in suits Nos. 216 and 217, particularly, as the foundation of relatrix's application was the suspensive appeal taken from the judgment taken in suit No. 216.

Relatrix's pleadings were not as precise and certain as they should have been, though she declared that the offense charged in all of the affidavits was the same as that charged in suit No. 216, and that if she had violated the ordinances, she was guilty of but one single continuing offense. These declarations were mere conclusions, and she failed to declare that as a fact she had received only one notice from the mayor to remove, and that that was the identical notice which she was charged in the first affidavit with having refused to obey.

The records sent up furnish no evidence on that point. The proceedings in suits Nos. 216-217 being before the Supreme Court sus-

pended by appeal, and the recorder having declared his desire to dismiss the proceedings in suits Nos. 218, 219, 220, 255, 256, 257, 258 and 259 and his intention to do so if not prohibited by order of the Supreme Court, I have concluded to decline to grant the present application, but this without prejudice to the right of the relatrix to renew it. I do not think matters are, presently, in such shape as to call for or require the present issuing of the writs. In connection with this matter, it may be well for me to call attention to the fact that the Supreme Court does not take judicial notice of the ordinances of the City of New Orleans, also to call the attention of the defendant recorder to the remarks made in the matter of the City of New Orleans vs. Collins, 52 Ann. 977, to the very objectionable character of the affidavit made in that case.

Those made in the proceedings brought up under this application are of the same objectionable kind.

For the reasons herein stated, the present application is refused, but without prejudice and under reservation of a right to renew.